UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JANE DOES 1-7, each individually
and on behalf of all other individuals
similarly situated,

                    Plaintiffs.

vs.

UKW HOLDING COMPANY,
UPPER EAST SIDE WAXING, LLC,
UKW FRANCHISING COMPANY,
WAX MANUFACTURING, LLC,
UKW DISTRIBUTION CENTER, LLC,
ROMA WAXING, INC.,
NORTH MIAMI WAXING, INC.,
CS WAXING, INC.,
UKW OPERATING COMPANY, LLC,
NYC WAXING, LLC,
BOWERY WAXING, LLC,
NOEMI GRUPENMAGER,
OZZIE GRUPENMAGER, and
EDITH HOFFMAN,

                    Defendants.
_____/

**RULE 23 "CLASS ACTION" AND
FLSA "COLLECTIVE ACTION"**

## COMPLAINT

Plaintiffs, JANE DOES 1-7, each individually and on behalf of all other individuals similarly situated, sue UKW HOLDING COMPANY, UPPER EAST SIDE WAXING, LLC, UKW FRANCHISING COMPANY, WAX MANUFACTURING, LLC, UKW DISTRIBUTION CENTER, LLC, ROMA WAXING, INC., NORTH MIAMI WAXING, INC., CS WAXING, INC., UKW OPERATING COMPANY, LLC, NYC WAXING, LLC, BOWERY

WAXING, LLC, NOEMI GRUPENMAGER, OZZIE GRUPENMAGER, and EDITH HOFFMAN, and allege:

## NATURE OF ACTION

1.      The seven (7) individually named Plaintiffs (the "Plaintiffs") allege on behalf of themselves and other similarly situated current and former estheticians of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from the Defendants for overtime work for which they did not receive over time premium pay, as required by law; and, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.      The Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former estheticians of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from the Defendants for overtime work for which they did not receive overtime premium pay as required by the FLSA.

## VENUE AND JURISDICTION

3.      This Court has subject matter jurisdiction over this proceeding to 28 U.S.C. §§ 1331, 1337, and 1343.  In addition, the Court has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      The Defendants maintain sufficient contacts with the Southern District of Florida to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.     Plaintiff JANE DOE 1 is, at all relevant times, an adult female individual currently employed by the Defendants.

7.     Plaintiff JANE DOE 2 is, at all relevant times, an adult female individual currently employed by the Defendants.

8.     Plaintiff JANE DOE 3 is, at all relevant times, an adult female individual currently employed by the Defendants.

9.     Plaintiff JANE DOE 4 is, at all relevant times, an adult female individual currently employed by the Defendants.

10.     Plaintiff JANE DOE 5 is, at all relevant times, an adult female individual currently employed by the Defendants.

11.     Plaintiff JANE DOE 6 is, at all relevant times, an adult female individual currently employed by the Defendants.

12.     Plaintiff JANE DOE 7 is an adult female individual who, at all relevant times, was formerly employed by the Defendants.

13.     The individually named Plaintiffs' identities are being withheld because Plaintiffs, with one exception, are currently employed by the Defendants.  Plaintiffs have a legitimate concern that they will be retaliated against if their identities are disclosed to Defendants.

14.     Upon information and belief, UKW HOLDING COMPANY ("UKW HOLDING"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

15.     Upon information and belief, UPPER EASTSIDE WAXING, LLC ("UES WAXING"), a Defendant herein, was at all relevant times, a New York State corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

16.     Upon information and belief, UKW FRANCHISING COMPANY, LLC ("UKW FRANCHISING"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

17.     Upon information and belief, UKW DISTRIBUTION CENTER, LLC ("UKW DISTRIBUTION"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

18.     Upon information and belief, UKW HOLDING COMPANY ("UKW HOLDING"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

19.     Upon information and belief, ROMA WAXING, INC. ("ROMA WAXING"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

20.     Upon information and belief, NORTH MIAMI WAXING, INC. ("NORTH MIAMI WAXING"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 14671 Biscayne Boulevard, North Miami, FL 33181.

21.     Upon information and belief, CS WAXING, INC. ("CS WAXING"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

22.     Upon information and belief, UKW OPERATING COMPANY, LLC ("UKW OPERATING"), a Defendant herein, was at all relevant times, a Florida corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

23.     Upon information and belief, NYC WAXING, LLC ("NYC WAXING"), a Defendant herein, was at all relevant times, a New York State corporation with its business office at 1801 N.E. 123rd Street, Suite 301, North Miami, FL 33181.

24.     Upon information and belief, BOWERY WAXING, LLC ("BOWERY WAXING"), a Defendant herein, was at all relevant times, a New York State corporation.

25.     All corporate Defendants separately defined in ¶¶ 14-24 are hereinafter referred to as the "Corporate Defendants."

26.     Upon information and belief, the Corporate Defendants possess and/or operate several nail and waxing salons in the States of Florida and New York.

27.     Upon information and belief, the Corporate Defendants possess and/or operate twenty-three (23) salons in the State of Florida.

28.     Upon information and belief, the Corporate Defendants possess and/or operate five (5) salons in the State of New York.

29.     All these salons are marketed through the brand "Uni K."

30.     Upon information and belief, NOEMI GRUPPENMAGER ("NOEMI GRUPPENMAGER"), an individual Defendant herein, was and is a co-owner and/or President of most, if not all of the Corporate Defendants.

31.     Upon information and belief, OZZIE GRUPPENMAGER ("OZZIE GRUPPENMAGER"), an individual Defendant herein, was and is a co-owner and/or President of most, if not all of the Corporate Defendants.

32.     Upon information and belief, OZZIE GRUPPENMAGER and NOEMI GRUPPENMAGER are siblings.

33.     Upon information and belief, EDITH HOFFMAN ("EDITH HOFFMAN"), an individual Defendant herein, was and is Plaintiffs' direct supervisor and is a member of the Corporate Defendants' management team.

34.     All corporate and individual Defendants separately defined in ¶¶ 14-24, 30-33 are hereinafter referred to as the "Defendants."

## THE FLSA COLLECTIVE ACTION ALLEGATIONS

35.     Pursuant to 29 U.S.C. § 207, the Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as estheticians at any time since March 4, 2010 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek  (the "Collective Action Members").

36.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

37.     The Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation.  The Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

38.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

39.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to the Plaintiffs and other Collective Action Members are:

a.     Whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

b.     What proof of hours worked is sufficient where the employers fail in their duty to maintain time records;

c.     Whether the Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;

d.     Whether the Defendants failed to pay the Collective Action Members a basic hourly wages for those hours that they were required to be at work.

e.      Whether the Defendants failed to provide the Collective Action Members with meal breaks;

f.      Whether the Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereafter;

g.      Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

i.      Whether the Defendants should be enjoined from such violations of the FLSA in the future.

40.     The Plaintiffs allege that the answers to each one of the common questions set out in the preceding paragraph is yes.

41.     The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

### RULE 23 CLASS ACTION ALLEGATIONS

42.     The Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

43.     The Plaintiffs brings their FLSA claim on behalf of all persons who were employed as estheticians by Defendants at any time since March 4, 2010, to the entry of

judgment in this case (the "Class Period"), who were not been paid overtime wages in violation of the FLSA (the "Class").

44.     As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of members of the Class during the Class Period.

45.     The claims of the individually named Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs, such as estheticians, typically are low hourly wage employees and therefore lack the financial resources to vigorously prosecute a lawsuit in federal court against large corporate defendants and high net worth individuals such as Defendants.

46.     The Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

47.     The Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

48.     The Plaintiffs have the same interests in this matter as all other members of the Class and the Plaintiffs' claims are typical of the Class.

49.     There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

    a.     Whether the Defendants employed the members of the Class within the meaning of the FLSA;

    b.     What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c.     Whether the Defendants failed to pay the Collective Action Members a basic hourly wages for those hours that they were required to be at work.

    d.     Whether the Defendants failed to provide the Collective Action Members with meal breaks;

    e.     Whether the Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the FLSA;

    f.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

    g.     Whether the Defendants should be enjoined from such violations of the FLSA in the future.

50.    This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of the Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

51.    Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the

Class, which would establish incompatible standards of conduct for the Defendants who oppose the Class.

52.    Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.  The members of the Class have been damaged and are entitled to recovery as a result of the Defendants' common and uniform policies, practices, and procedure that violate the FLSA.

## FACTUAL ALLEGATIONS

53.    With one exception, Plaintiffs are currently employed with Defendants as estheticians.  One Plaintiff was employed by Defendants as an esthetician as recently as February 2013.

54.    The work performed by the Plaintiffs requires limited skill other and no capital investment.  Their duties do not include managerial responsibilities or exercise of independent judgment.

55.    Plaintiffs work at the Uni K store located 14671 Biscayne Boulevard, North Miami, FL 33181 and they are paid by Defendant EDITH HOFFMAN.

56.    Plaintiffs work at least four (4) and sometimes five (5) or six (6) days a week.

57.    During those days they work, Plaintiffs are required to remain in the Uni K store located 14671 Biscayne Boulevard, North Miami, FL 33181 throughout its hours of operations.

58.    Plaintiffs are not allowed to leave the premises and must remain at the Defendants' disposal, and especially Defendant EDITH HOFFMAN's disposal, who is their direct supervisor.

11

59.     Upon information and belief, the hours of operation of Uni K are Monday through Wednesday from 9 am to 7 pm, Thursday through Friday from 9 am to 8 pm, Saturday from 10 am to 6 pm and Sunday through 10 am to 5 pm.

60.     Plaintiffs are not uniformly provided with a meal or lunch break.

61.     Plaintiffs are only paid on a commission basis, receiving twenty percent (20%) or twenty-five percent (25%) of what the customers pay the Defendants.

62.     Plaintiffs are not paid by the hour and are not compensated at all when they are not taking care of a customer.   Thus, Plaintiffs' salary falls below the minimum wage and Plaintiffs must work approximately forty-five (45) hours a week to make approximately four-hundred dollars ($400) per week.

63.     Plaintiffs regularly worked in excess of forty (40) hours a week, yet the Defendants willfully failed to pay the Plaintiffs overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA.

64.     Upon information and belief, Defendants employ other estheticians like the Plaintiffs (the Collective Action Members/the Class).  Like the Plaintiffs, these individuals also lack the authority to hire and fire other employees, and are not responsible for making hiring and firing recommendations.

65.     Such individuals are only paid on a commission basis when they take care of a customer, like Plaintiffs.

66.     Like Plaintiffs, these individuals are not paid for the hours they spend at the salon, while they wait for customers, although they are required by Defendants to remain on the premises of the salon, during its hours of operations.

67.     Like Plaintiffs, these individuals are not uniformly given meal or lunch breaks.

68.     Like Plaintiffs, these individuals work in excess of forty (40) hours a week, yet the Defendants likewise willfully fail to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA.

69.     As stated, the exact number of such individuals is presently unknown, but it is within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

70.     Throughout all relevant time periods, upon information and belief, the Defendants failed to post and to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

71.     During the course of the Plaintiffs own employment, and while the Defendants employed the Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

72.     The Defendants knew the nonpayment of overtime would economically damage the Plaintiffs and would violate Federal laws.

73.     The Plaintiffs will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

74.     The Plaintiffs will also move the Court to order the Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former estheticians of Defendants.

75.     Upon information and belief, Defendants' repugnant treatment of their employees included selling them like chattel between Uni K locations, their "price" varying based on their monetary value to the company.

76.     Defendants take advantage of and coerce their workers, many of whose grasp of English is partial, by forcing them to purchase their own uniforms and equipment, a policy wildly inconsistent with and inappropriate for their status as employees.   Objecting to these extortive policies is grounds for termination.

77.     In the same exploitative vein, Defendants take customer discounts directly out of their employees' pay.   Humiliatingly, this practice extends to employees who perform waxes for Uni K corporate officers.

78.     On at least one occasion, Defendants punished a worker at the Miramar, Florida Uni K location for taking a five-minute break in the salon's parking lot by suspending her for a full workday.   This outrageous mistreatment is sadly consistent with Defendants' record of employee exploitation.

79.     Defendants' shocking and distasteful behavior reaches beyond the abuse of their employees into the community at large.   In 2012, Defendants offered body waxes for pre-teen girls at half price, preying on and exacerbating the body-image insecurity of a vulnerable population.[1]

## FIRST CAUSE OF ACTION
## Fair Labor Standards Act – Failure to Pay Wages

80.     Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate each and every allegation contained in paragraphs 1 through 79 with the same force and effect as if separately alleged and reiterated herein.

---

[1] For background media coverage, *see*: http://abcnews.go.com/blogs/lifestyle/2012/07/waxing-for-girls-younger-than-15-ad-sparks-parenting-debate/

81.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

82.     At all relevant times, Defendants employed, and/or continued to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

83.     Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of five hundred thousand dollars ($500,000).

84.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

85.     At all relevant times, Defendants had a policy and practice of refusing to pay wages, including, but not limited to overtime compensation to its employees for their hours worked.

86.     As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action Members for all wages owed, including, but not limited to overtime, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek for overtime, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

87.     As a result of Defendants' failure to record, report, credit and/or compensate its estheticians, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 211(c) and 215(a).

88.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

89.     At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

90.     Due to Defendants' willful violation of the FLSA, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover the following from Defendants: their wages owed including unpaid overtime compensation, an equal additional amount as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **JURY DEMAND**

91.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues raised in this action.

92.     **WHEREFORE**, the Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing the seven (7) individually named Plaintiffs and their counsel to represent the Class;

b.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising

16

them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing the seven (7) individually named Plaintiffs and their counsel to represent the Collective Action Members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d.  An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  An award of unpaid overtime compensation due under the FLSA;

f.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of prejudgment and postjudgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

Dated: March 4, 2013
       Fort Lauderdale, Florida

By:      s/Alain E. Boileau
         ALAIN E. BOILEAU (0148598)
         aeb@aeblaw.com
         ALAIN E. BOILEAU, P.A.
         101 NE Third Ave., Suite 1500
         Fort Lauderdale, Florida 33301
         Telephone:    (954) 332-3604
         Direct:       (954) 332-3623
         Co-Counsel for Plaintiffs