UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20760-CIV-COOKE/TURNOFF

JANE DOES 1-7, each individually
and on behalf of all other individuals
similarly situated,

       Plaintiffs,

UKW HOLDING COMPANY,
UPPER EAST SIDE WAXING, LLC,
UKW FRANCHISING COMPANY,
WAX MANUFACTURING, LLC,
UKW DISTRIBUTION CENTER, LLC,
ROMA WAXING, INC.,
NORTH MIAMI WAXING, INC.,
CS WAXING, INC.,
UKW OPERATING COMPANY, LLC,
NYC WAXING, LLC,
BOWERY WAXING, LLC,
NOEMI GRUPENMAGER,
OZZIE GRUPENMAGER, *and*
EDITH HOFFMAN,

       Defendants.
_____/

## PLAINTIFFS' STATEMENT OF CLAIMS

Plaintiffs, JANE DOES 1-7, by and through their undersigned counsel, and in accordance with the Court's request, herein provides their Statement of Claims in support of the Parties' Joint Motion for Approval of Settlement Agreement, filed under seal:

**PLAINTIFF ISMARAY VEGA**

Plaintiff, Ismaray Vega, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law, and; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

-1-

Ms. Vega worked for Defendants for the entire three (3) year statutory period for a total of one hundred forty-four (144) weeks. She was paid, on average, $390 per week, or approximately $9.75 per hour, and no overtime. She worked, on average, forty-five (45) to fifty (50) hours per week. Ms. Vega estimates that she is owed approximately $21,060 in unpaid overtime compensation.

### PLAINTIFF LINA CORTES

Plaintiff, Lina Cortes, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and; (iii) that she is entitled to damages for her termination from Defendants, which is alleged to be in retaliation for participating in this law suit. Ms. Cortes worked for Defendants for the entire three (3) year statutory period for a total of one hundred forty-four (144) weeks. She was paid, on average, $384 per week, or approximately $9.60 per hour, and no overtime. She worked, on average, forty-five (45) to fifty (50) hours per week. Ms. Cortes estimates that she is owed approximately $20,736 in unpaid overtime compensation exclusive of damages for her retaliatory termination.

### PLAINTIFF MIRYAM RAMOS GUETTE

Plaintiff, Miryam Ramos Guette, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law, and; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*. Ms. Ramos Guette worked for Defendants as a misclassified exempt employee for approximately twenty-four (24) weeks. She was paid, on average, $226 per week, or approximately $5.65 per hour, and no overtime. She worked, on average, forty-five (45) to fifty (50) hours per week. Ms.

Ramos Guette estimates that she is owed approximately $3,550 in unpaid overtime compensation.

### PLAINTIFF ZOLIN MEDEROS

Plaintiff, Zolin Mederos, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and; (iii) that she is entitled to damages for her termination from Defendants, which is alleged to be in retaliation for participating in this law suit. Ms. Mederos worked for Defendants for the entire three (3) year statutory period for a total of one hundred forty-four (144) weeks.  She was paid, on average, $492 per week, or approximately $12.30 per hour, and no overtime.  She worked, on average, forty-five (45) to fifty (50) hours per week.  Ms. Mederos estimates that she is owed approximately $26,568 in unpaid overtime compensation exclusive of damages for her retaliatory termination.

### PLAINTIFF IRASAY PALACIOUS

Plaintiff, Irasay Palacious, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and; (iii) that she is entitled to damages for her termination from Defendants, which is alleged to be in retaliation for participating in this law suit. Ms. Palacious worked for Defendants for the entire three (3) year statutory period for a total of one hundred forty-four (144) weeks.  She was paid, on average, $417 per week, or approximately $10.43 per hour, and no overtime.  She worked, on average, forty-five (45) to fifty (50) hours per week.  Ms. Palacious estimates that she is owed

approximately $22,518 in unpaid overtime compensation exclusive of damages for her retaliatory termination.

### PLAINTIFF ERIKA PEDRAZA

Plaintiff, Erika Pedraza, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and; (iii) that she is entitled to damages for her termination from Defendants, which is alleged to be in retaliation for participating in this law suit. Ms. Pedraza worked for Defendants for the entire three (3) year statutory period for a total of one hundred forty-four (144) weeks.  She was paid, on average, $803 per week, or approximately $20.07 per hour, and no overtime.  She worked, on average, forty-five (45) to fifty (50) hours per week.  Ms. Pedraza estimates that she is owed approximately $43,362 in unpaid overtime compensation exclusive of damages for her retaliatory termination.

### PLAINTIFF MARRA PORTESI

Plaintiff, Marra Portesi, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and; (iii) that she is entitled to damages for her termination from Defendants, which is alleged to be in retaliation for participating in this law suit. Ms. Portesi worked for Defendants for the entire three (3) year statutory period for a total of one hundred forty-four (144) weeks.  She was paid, on average, $944 per week, or approximately $23.60 per hour, and no overtime.  She worked, on average, forty-five (45) to fifty (50) hours per week.  Ms. Portesi estimates that she is owed

approximately $50,976 in unpaid overtime compensation exclusive of damages for her retaliatory termination.

### PLAINTIFF MARIA DE LAS ANGELES POSADA

Plaintiff, Maria de las Angeles Posada, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and; (iii) that she is entitled to damages for her termination from Defendants, which is alleged to be in retaliation for participating in this law suit. Ms. Posada worked for Defendants for the entire three (3) year statutory period for a total of one hundred forty-four (144) weeks. She was paid, on average, $574 per week, or approximately $14.37 per hour, and no overtime. She worked, on average, forty-five (45) to fifty (50) hours per week. Ms. Posada estimates that she is owed approximately $31,028 in unpaid overtime compensation exclusive of damages for her retaliatory termination.

### PLAINTIFF LYDIA BROWN

Plaintiff, Lydia Brown, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; and, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.* Ms. Brown worked for Defendants for approximately sixty-three (63) weeks. She was paid, on average, $675 per week, or approximately $16.88 per hour, and no overtime. She worked, on average, forty-five (45) to fifty (50) hours per week. Ms. Brown estimates she is owed approximately $15,802 in unpaid overtime compensation.

**PLAINTIFF KATRINA PADMORE**

Plaintiff, Katrina Padmore, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; and, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*. Ms. Padmore has worked for Defendants for approximately eighty-four (84) weeks and is presently still employed by Defendants. She is paid, on average, $549 per week, or approximately $13.73 per hour, and no overtime. She works, on average, forty-five (45) to fifty (50) hours per week. Ms. Padmore estimates she is owed approximately $17,264 in unpaid overtime compensation.

**PLAINTIFF ALCENIA SMITH**[1]

Plaintiff, Alcenia Smith, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; and, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*. Ms. Smith has worked for Defendants for approximately eighty-four (84) weeks and is presently still employed by Defendants. She is paid, on average, $866 per week, or approximately $21.65 per hour, and no overtime. She works, on average, forty-five (45) to fifty (50) hours per week. Ms. Smith estimates she is owed approximately $22,361 in unpaid overtime compensation.

**PLAINTIFF MARIA DUBOISE**

Plaintiff, Maria Duboise, alleges that she is: (i) entitled to unpaid wages from the Defendants for overtime work for which she did not receive over time premium pay, as required by law; and, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*. Ms. Duboise worked for Defendants for the entire three (3) year statutory period for a total of

---

[1] Ms. Smith refuses to sign the finalized settlement agreement. Ms. Smith only signed the agreement reached at the mediation in this matter.

one hundred forty-four (144) weeks.  She was paid, on average, $350 per week, or approximately $8.75 per hour, and no overtime.  She worked, on average, forty-five (45) to fifty (50) hours per week.  Ms. Duboise estimates that she is owed approximately $14,332.50 in unpaid overtime compensation.

Dated: September 12, 2013

                                    Respectfully submitted,

                         By:       s/Alain E. Boileau
                              ALAIN E. BOILEAU (0148598)
                              aeb@aeblaw.com
                              ALAIN E. BOILEAU, P.A.
                              101 NE Third Avenue, Suite 1500
                              Fort Lauderdale, Florida 33301
                              Telephone: (954) 332-3604
                              Direct: (954) 332-3623
                              Co-Counsel for Plaintiffs

                              WALKER G. HARMAN, JR.
                              Admitted *Pro Hac Vice*
                              wharman@theharmanfirm.com
                              THE HARMAN FIRM, P.C.
                              200 West 57th Street, Suite 900
                              New York, NY 10019
                              Telephone: (212) 425-2600
                              Facsimile: (212) 202-3926
                              Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF on the 12th day of September, 2013, on all counsel or parties of record on the Service List below.

                                      s/Alain E. Boileau
                                    ALAIN E. BOILEAU

**JANE DOES 1 THROUGH 7 v. UKW HOLDING COMPANY, et al.**
**Case No. 13-20760-CIV-COOKE/TURNOFF**

## Service List

**Robert M. Einhorn, Esquire**
reinhorn@zarcolaw.com
**Alaina B. Siminovsky, Esquire**
asiminovsky@zarcolaw.com
ZARCO EINHORN, SALKOWSKI
& BRITO, P.A.
Miami Tower
100 S.E. Second Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
**Counsel for Defendants**